20100—Frances Pierce v. O. R. Beckwith, et. al. Motion for Ashtabula Appeals to certify. Overruled. Dock. 9-24-26, 4 Abs. 655.

20102—W. C. McBride, Inc., v. Charles W. Murphy et. Motion for Monroe Appeals to certify. Overruled. Dock. 9-24-26, 4 Abs. 655.

20103—H. C. DeRan et al. v. Harry E. Schmidt. Motion by defendant to quash service and strike petition in error from files. Motion to dismiss sustained. Dock. 9-27-26, 4 Abs. 671; OS. Pend. 4 Abs. 819.

20122—Tried Stone Baptist v. The Obed Zedek Congregation. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 10-8-26, 4 Abs. 674.

20124—Scher-Hirst Co. v. Amalgamated Clothing Workers. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 10-9-26, 4 Abs. 674.

20131—Pennsylvania R. R. Co. v. Charles Deal. Motion for Stark Appeals to certify. Allowed. Dock. 10-11-26, 4 Abs. 710.

20136—William A. Campbell v. Industrial Comm. Motion for Hamilton Appeals to certify. Overruled. Dock. 10-21-26, 4 Abs. 727; OA. 4 Abs. 782; OS. Pend. 4 Abs. 772.

20138—Harold Lehman v. National Quarries Co. Motion for Allen Appeals to certify. Overruled. Dock. 10-22-26, 4 Abs. 727; OS. Pend. 4 Abs. 804.

20172—James L. Moore, Admr. v. John W. Blauser, Admr. Motion for Licking Appeals to certify. Overruled. Dock. 11-17-26, 4 Abs. 790.

20212—Harry J. Long, Auditor of Butler County, et v. State ex Hamilton (City). Motion for Butler Appeals to certify. Overruled. Dock. 12-14-26, 4 Abs. 833.

## SYLLABI

No. 19766—The Amsterdam Casualty Co. v. Abraham Nadler. Error to the Court of Appeals of Mahoning County.
MATTHIAS, J.
723. **LIFE INSURANCE—1. Liability of insurer under 9510-3, 4 for bodily injury or death, from negligence of insured.**
**2. Husband cannot maintain action for loss of society and services of wife resulting from her bodily injury caused by insured's negligence.**
1104. **STATUTES—Copied from another state, presumed to have been adopted with prior construction in that state.**
1. The benefits of the provisions of Sections 9510-3 and 9510-4, General Code, are limited to persons who suffer bodily injury as the result of the negligence of one carrying insurance covering such loss and damage.
2. A husband cannot maintain an action against an insurance company to recover damages for the loss of the society and services of his wife resulting from her bodily injury caused by the negligence of the assured.
3. Where a statute is adopted from another state, which, previous to such adoption, had been construed by the court of that state it is presumed to have been adopted with the construction so given it.
Judgment reversed.
Marshall, CJ., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

No. 19834—Harriet A. Gardner, et al v. Lottie Kern. Error to the Court of Appeals of Sandusky County.
JONES, J.
389. **DESCENT AND DISTRIBUTION—**
1. **Recital in a father's deed to his son, of** valuable consideration, held to convey title by purchase, and upon grantee's death intestate and childless, estate descends to his relict under 8574 GC.
2. Where a husband contemplating distribution of his real estate, executes three contemporaneous instruments, two deeds to sons reciting valuable consideration, and a will devising another tract to wife, proof of the execution of such instruments does not convert the deed to son into one of gift, and change course of descent.
3. From recital of . valuable consideration it will be presumed that· father intended to convey a descendible title to his son.
1. Where a father executes a deed to his son, containing recitals of a valuable consideration received from the grantee, such deed conveys title by way of purchase, and, upon the grantee's death intestate and childless, the estate descends in fee and vests in his relict under the provisions of Section 8574, General Code.
2. On the same day a father, contemplating the distribution of his real estate, executed three instruments; two separate deeds to his son and daughter respectively, each reciting the receipt of a valuable consideration from the grantee, and also a will devising another tract of land to his wife and still another to children of a deceased daughter. Proof merely of the execution of such contemporaneous instruments does not convert the deed to the son into one gift, thereby changing the course of descent.
3. Although the execution of such contemporaneous documents may tend to prove that the grantor contemplated only the distribution of his property, that fact alone, does not furnish clear and convinring proof of a mistake or mistaken intention on the part of the grantor. He had the right to impart to his deed, the descendible quality of the title he was conveying; and when he employed therein the recital of a valuable consideration, it will be presumed that he used the recital with the intention of conveying title to his son through the medium of a deed of purchase.
Judgment affirmed.
. Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.
Marshall, CJ., dissents.