## No. 235
### PRATT v. PRATT et
Ohio Appeals, 6th Dist., Wood Co.

No. 393. Decided Feb. 28, 1927

367. DEEDS—Deeds which recite a consideration of "$5.00 and love and affection" and "$1.00 and other valuable consideration," constitute deeds of purchase and not deeds of gift.

First Publication of this Opinion

RICHARDS, J.

This action was brought in the Wood Common Pleas to secure partition of several tracts of real estate, and resulted in a decree from which the plaintiff Jeanette Pratt appealed to the Court of Appeals.

The rights of the parties depend upon a determination as to the character of certain deeds, the plaintiff contending that the title conveyed by these deeds is a title by deed of gift, and the defendants contending that the title is one by purchase. One of these deeds recite a consideration of $5.00 and love and affection. Others recite $1.00 and other valuable consideration. The Court of Appeals held:

1. Deeds of this character constitute deeds of purchase and not deeds of gift. Brown v. Whaley, et al, 58 OS. 654.

2. It is urged that the grantor in one of the deeds executed a will at the same time that she executed and delivered the deed and that this shows the title intended to be conveyed was to be by way of gift. This court held directly contrary to that contention in the case of Kern v. Gardner, et al, OA. 3 Abs. 589; judgment affirmed by the Supreme Court, syllabi reported in the case of Gardner et al v. Kerns, 4 Abs. 869.

3. The court finds against the contentions of Guy Pratt and Clifton Pratt and that the deed executed by them to William Kerr are valid conveyances for the property therein described.

Decree accordingly.

(Williams & Lloyd, JJ., concur.)

Attorneys—Benj. F. James, Bowling Green, for pltintiff; S. W. Bowman, Bowling Green, Lester D. Hill and John Schlatter, Toledo, for defendants.

## No. 236
### WATERFIELD v. WAGENER
Ohio Appeals, 6th Dist., Lucas Co.

No. 1811. Decided Feb. 21, 1927

480. EVIDENCE—Defendant cannot assign error for failure of court to direct verdict in his favor, on claim that note was not offered or received in evidence where effect of defendant's answer was that the note described in plaintiff's petition was, as therein alleged, executed and delivered to plaintiff by defendant.

First Publication of this Opinion

LLOYD, J.

William Wagener, sought to recover judgment against Kenneth Waterfield in the Lucas Common Pleas for $962.05 on a promissory note dated October 20, 1917 payable to the order of the plaintiff Wagener.

Waterfield in his answer alleged in substance that "if he ever executed to plaintiff a note as alleged, it was in partial payment of a garage business at Delta, Ohio, known as the Delta Garage." Various items of property of this garage were then described which defendant alleged were repossessed by plaintiff by forcibly breaking into the garage in the absence of the defendant and were converted to his own use, "and defendant says that said note was thereby fully paid."

A verdict was returned in favor of Wagener for $979.28; and judgment was entered on the verdict. Error was prosecuted and the Court of Appeals held:

1. Default having been made in the payment of the note, the plaintiff hearing that defendant was about to sell the garage, entered the same in defendant's absence, repossessing himself of such of the mortgaged property as was then there.

2. The mortgage containing the usual conditions as to retaking the property by the mortgagee, and sale thereof as public or private sale, the plaintiff then sold same for $337.50 which sum was credited upon the note.

3. It is claimed that the note in question was not offered or received in evidence and that because of this omission a verdict should have been directed in favor of the defendant as requested, no evidence having been offered.

4. The note was produced at the trial, attached to the bill of exceptions as an exhibit, plaintiff testifying that he was the owner and objection by defendant and was referred to by holder thereof; was read to the jury without counsel as the note described in plaintiff's petition.

5. Furthermore, the effect of defendant's answer is that the promissory note described in the petition was, as therein alleged, executed and delivered to plaintiff by defendant. Zieverink v. Kemper, 50 OS. 208.

6. The court did not err in refusing to direct a verdict in Waterfield's favor and there are no errors in the record prejudicial to Waterfield.

Judgment affirmed.

(Richards & Williams, JJ., concur.)

Attorneys—Marion W. Bacome for Waterfield; M. C. McEnerney for Wagener; both of Toledo.